UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| REBECCA PEREZ VERTTI,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. SACV 14-01547 (GJS)<br><br>MEMORANDUM OPINION AND ORDER |

## I.    PROCEEDINGS

Plaintiff Rebecca Perez Vertti ("Plaintiff") filed a complaint seeking review of the Commissioner's denial of her application for Disability Insurance Benefits. The parties filed consents to proceed before the undersigned United States Magistrate Judge, and a Joint Stipulation addressing disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

## II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since November 14, 2008, based primarily on right knee and leg problems. (Administrative Record ("AR") 65, 178).

After a hearing, an Administrative Law Judge ("ALJ") applied the five-step sequential evaluation process to find Plaintiff not disabled. *See* 20 C.F.R. § 404.1520(b)-(g)(1).[1] At step one, the ALJ found that Plaintiff has not engaged in substantial gainful employment since her alleged onset date. (AR 42). At step two, the ALJ found that Plaintiff has the following severe impairments: status-post total knee replacement in June 2012; osteoarthrosis; degenerative joint disease; history of migraines; history of anemia; degenerative disc disease; history of hernia; history of meniscal tear; history of mild obesity; and spondylosis, post arthroscopy. (AR 42). At step three, the ALJ found that Plaintiff's impairments, either singly or in combination, do not meet or equal the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 43). The ALJ assessed Plaintiff with the residual functional capacity ("RFC") for a range of light work,[2] and at step four, found that Plaintiff is capable of performing her past

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are as follows: (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two; (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four; (4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five; (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. § 404.1520(b)-(g)(1).

[2] Specifically, the ALJ found that Plaintiff is able to: sit for 4 hours; stand and/or walk for 4 hours with a sit/stand option, as needed; push/pull with bilateral upper extremities frequently; and perform postural activities occasionally, but cannot kneel, climb, squat, crouch or crawl. (AR 43). The ALJ further found that Plaintiff is precluded from the following: exposure to concentrated extreme cold; work involving hazards or on uneven terrain; and work requiring use of foot controls on the right side or more than occasional use of foot controls on the left side. (AR 43).

relevant work as a heart monitor technician.  (AR 43, 50).

The Appeals Council denied Plaintiff's request for review.  (AR 1-3).

### III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if:  (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV.   DISCUSSION

Plaintiff contends that the ALJ erred by failing to articulate valid reasons for rejecting the opinion of one of Plaintiff's treating physicians, Roland D. Reinhart, M.D.  (Joint Stipulation ("Joint Stip.") at 4-7, 18).  For the reasons stated below, the Court reverses the decision of the Commissioner and remands this matter for further proceedings.

To reject the uncontradicted opinion of a treating physician, the ALJ must provide clear and convincing reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Even where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record.  *Id.* at 830-31; *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).  "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison*, 759 F.3d at 1012 (quoting *Orn*, 495 F.3d at 633).

Dr. Reinhart was one of Plaintiff's treating pain management physicians.  In

3

1  May 2009, Dr. Reinhart completed a Unum Claim for Income Protection Benefits
2  form ("Unum Claim Form") on Plaintiff's behalf.  (AR 388-89).  Dr. Reinhart
3  reported that Plaintiff had ceased work on November 14, 2008, and that the
4  following conditions prevented Plaintiff from working:  cervical disc disorder;
5  headaches; weakness; anemia; sinusitis; fatigue; and post-laminectomy of the
6  lumbar spine.  (AR 388).  In a section of the Unum Claim Form titled "Physical
7  Capacities," Dr. Reinhart opined that "while disabled/off work," Plaintiff's
8  physical capabilities were limited to:  1 hour of sitting, intermittently; 1 hour of
9  standing, intermittently; 1 hour of walking, intermittently; and lifting up to 20
10 pounds occasionally.  (AR 389).  Dr. Reinhart also found that Plaintiff was limited
11 to occasional use of her upper extremities for fine finger movements, hand/eye
12 coordinated movements, and pushing/pulling.  (AR 389).  In another section titled
13 "Return to Work," Dr. Reinhart indicated that he expected improvement in
14 Plaintiff's capabilities on "12/8/08."  (AR 389).

15      The ALJ did not discuss the Unum Claim Form in the decision.  Instead, the
16 ALJ briefly summarized some of the treatment notes from Dr. Reinhart's office.
17 (AR 46, 49, 239-46, 409-24).  The ALJ also noted that in May 2010, Dr. Reinhart
18 discharged Plaintiff as a patient for violating his office's controlled substance
19 policy, as Plaintiff had failed to disclose that she had been obtaining prescription
20 pain medication (Vicodin) from another doctor, while also receiving pain
21 medication (Norco) from Dr. Reinhart's office.  (AR 46, 408).

22      The ALJ's failure to address or provide any reasons for disregarding Dr.
23 Reinhart's assessment of Plaintiff's physical limitations was error.  *See Garrison*,
24 759 F.3d at 1012 ("Where an ALJ does not explicitly reject a medical opinion . . .
25 he errs."); *Lester*, 81 F.3d at 830-31.  "[A]n ALJ cannot in its decision totally
26 ignore a treating doctor and his or her notes, without even mentioning them." *See*
27 *Marsh v. Colvin*, --- F.3d ----, 2015 WL 4153858, at *2 (9th Cir. Cal. July 10,
28 2015).

The Commissioner argues that the ALJ's failure to discuss Dr. Reinhart's opinion, as set forth in the Unum Claim Form, "was not reversible error [as] the ALJ adequately explained his reason for rejecting other doctors' opinions that Plaintiff was limited to even less restricted work than what Dr. Reinhart opined." (Joint Stip. at 17).  In essence, the Commissioner argues that the ALJ's error was harmless because the ALJ discussed most of the other medical evidence, which supported the ALJ's RFC assessment.  (Joint Stip. at 10-17).  Although it is possible that the ALJ might have rejected Dr. Reinhart's assessment of Plaintiff's physical limitations for the same reasons that he discounted the opinions of Plaintiff's other doctors, the Court cannot conclude that the ALJ's error was harmless, given the ALJ's silence on the matter.  *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'") (citations omitted); *see Marsh*, 2015 WL 4153858, at *3 (where the ALJ did not even mention treating doctor's opinion that the claimant's "chronic bursitis rendered her 'pretty much nonfunctional,' we cannot 'confidently conclude' that the error was harmless); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) ("a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain").

    Next, Plaintiff requests that the Court credit Dr. Reinhart's opinion as true and remand this matter for an immediate award of benefits. (Joint Stip. at 6-7, 22-23).  Alternatively, Plaintiff requests that the matter be remanded for further proceedings.  (Joint Stip. at 22).

    A court has the discretion to credit as true improperly rejected evidence and remand for payment of benefits where the following three factors are satisfied:  (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if

the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  *See Garrison*, 759 F.3d at 1020; *see also Treichler v. Commissioner of Social Security Admin.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014).  However, even where all three factors of this "credit-as-true" rule are met, the court retains discretion to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  *Garrison*, 759 F.3d at 1021; *see also Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").  Where "an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency."  *Treichler*, 775 F.3d at 1105.

Here, it is not clear that Dr. Reinhart's opinion would favor a finding of disability, even if it were credited as true.[3]  *See Garrison*, 759 F.3d at 1020; *Treichler*, 775 F.3d at 1105-06.  In particular, there are ambiguities in Dr. Reinhart's assessment of Plaintiff's physical limitations.  In the Unum Claim Form, Dr. Reinhart used the qualifying phrase "while disabled/off work" when describing Plaintiff's physical limitations.  (AR 389).  And, although he completed the Unum Claim Form in May 2009, Dr. Reinhart indicated that improvement in Plaintiff's capabilities was expected "12/8/08," which was less than one month after Plaintiff's alleged onset of disability.  (AR 40, 389).  Thus, the record is

---

[3] There appears to be a conflict in the Ninth Circuit regarding whether a court should first credit improperly rejected testimony before considering whether there are outstanding issues that must be resolved in making a disability determination, *see Garrison*, 759 F.3d at 1020 n. 26, or whether a court must first determine that no outstanding issues exist before crediting the improperly rejected testimony, *see Treichler*, 775 F.3d at 1105-06.  Under either interpretation of the credit-as-true rule, the circumstances of this case indicate that further administrative proceedings would be useful.

unclear as to whether Dr. Reinhart expected Plaintiff's physical limitations to last a continuous period of twelve months or some shorter period of time.  *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").  Because there are outstanding issues that must be resolved before a disability determination can be made and the record as a whole raises "serious doubt" as to whether Plaintiff is disabled, further administrative proceedings would be useful.[4]  *See Garrison*, 759 F.3d at 1020-21; *see also Treichler*, 775 F.3d at 1101, n. 5 ([A] court abuses its discretion if it remands for an award of benefits when not all factual issues have been resolved.").  Accordingly, remand for additional proceedings is appropriate.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.

DATED: July 31, 2015      _____
                          GAIL J. STANDISH
                          UNITED STATES MAGISTRATE JUDGE

---

[4] The Court further notes that Dr. Reinhart did not even mention Plaintiff's right knee impairment in the Unum Claim Form, which is the primary basis for her claim of disability.  (AR 64-65, 178).